[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17120
Non-Argument Calendar

_____

D. C. Docket No. 08-00039-CR-T-30TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2009)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Michael Perry appeals his 110-month sentence imposed for possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). No reversible error has been shown; we affirm.

On appeal, Perry argues that his sentence procedurally and substantively is unreasonable: the district court failed to state its reasons for the given sentence and failed to consider adequately Perry's poor health. We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). A sentence may be procedurally unreasonable if the district court fails to explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission,

2

provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "The weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and citation omitted).

We conclude that Perry's sentence -- which fell within the applicable guidelines range of 97 to 120 months -- was reasonable. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). No procedural error occurred. The district court considered the advisory guidelines range, the presentence investigation report outlining Perry's offense conduct, and Perry's arguments in support of a downward variance (including that he was in poor health from the AIDS virus); and the court concluded that a sentence within the guidelines range was sufficient but not greater than necessary to comply with the statutory purposes of sentencing. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

We also conclude that Perry's sentence substantively was reasonable. Perry's computer contained 92 videos and 48 still photographs of nude and semi-nude children engaging in sexual contact with other children and with adults. The record also included victim impact statements from children in the videos and photos detailing the pain and suffering they endured from their abusers and from those who have viewed their images. See United States v. Pugh, 515 F.3d 1179, 1202 (11th Cir. 2008) (noting that we "typically treat[] child sex offenses as serious crimes, upholding severe sentences).

We cannot say that the 110-month within-range sentence failed to reflect the purposes of sentencing or that "the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See id. at 1191.[1]

AFFIRMED.

---

[1]We reject Perry's argument that his sentence created an unwarranted sentencing disparity among child pornography possession defendants. Simply because other similarly-situated defendants convicted of child pornography possession may have received downward variances does not mean that the court imposed an unreasonable sentence in Perry's case. See Gall, 128 S.Ct. at 599 (because the "avoidance of unwarranted [sentencing] disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges," a district court necessarily gives weight and consideration to the need to avoid unwarranted disparities when it correctly calculates and carefully reviews the guidelines range); Talley, 431 F.3d at 788 ("there is a range of reasonable sentences from which the district court may choose").